Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 00 C 8206 | Date | June 26, 2001 |
| Case Title | Ralph Douglas Paris  v  Amoco Oil Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling on _____ set for _____ at _____
    ☐ Hearing _____ set for _____ re-set for 8/8/01 at 9:00
(5) ☑ Status hearing ☐ held ☐ continued to ☑ set for ☐ re-set for
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
    ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☑ [Other docket entry] Memorandum opinion and order entered. Accordingly, plaintiff's motion to dismiss Amoco's counterclaim without prejudice is granted. Amoco is given leave to file an amended counterclaim within 21 days. Plaintiff's response is due 21 days thereafter.

(11) ☑ [For further detail see ☐ order on the reverse of ☑ order attached to the original minute order form.]

| | | | |
|---|---|---|---|
| ☐ | No notices required, advised in open court. | | number of notices |
| ☐ | No notices required. | FILED FOR DOCKETING | |
| ☑ | Notices mailed by judge's staff. | JUN 26 2001 | date docketed |
| ☐ | Notified counsel by telephone. | 01 JUN 25 PM 4:45 | docketing dpty. initials |
| ☐ | Docketing to mail notices. | | |
| ☐ | Mail AO 450 form. | | date mailed notice |
| ☐ | Copy to judge/magistrate Judge. | | |
| | courtroom deputy's Initials | Date/time received in central Clerk's Office | mailing dpty. initials |

Document # 15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RALPH DOUGLAS PARIS, )
)
Plaintiff, )
) No. 00 C 8206
v. )
) Judge Robert W. Gettleman
AMOCO OIL COMPANY, a Maryland )
corporation, )     DOCKETED
)
)     JUN 2 6 2001
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ralph Douglas Paris, a resident of Indiana, filed a three-count complaint against defendant, Amoco Oil Company("Amoco"), a Maryland corporation doing business in Illinois and Indiana, alleging trespass, negligence, and conversion.[1] In turn, defendant filed a counterclaim against plaintiff for unjust enrichment. Plaintiff has filed a motion to dismiss the counterclaim for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, plaintiff's motion is granted.

## FACTS

For purposes of this motion to dismiss, the court accepts the factual allegations of the counterclaim as true and draws all reasonable inferences in favor of Amoco. See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996). On December 3, 1998, plaintiff purchased from Amoco a parcel of land located at 6906 Columbia Avenue in Hammond, Indiana ("Hammond site"). One week later, on December 10, 1998, the

---

[1] The parties agree that the court has jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000, pursuant to 28 U.S.C. §1332.

parties executed a Special Warranty Deed and Bill of Sale in favor of plaintiff for the Hammond site.

The parties agree that on or about August 2, 2000, Amoco hired an independent contractor to demolish the building and other property located on the Hammond site. According to Amoco, at the time of demolition the premises on the Hammond site had become run down due to lack of maintenance, neglect, and ordinary wear and tear. Amoco contends that the demolition of the property on the Hammond site conferred a measurable benefit on plaintiff because "the City of Hammond would, on information and belief, have ordered the property demolished and/or condemned the building." Therefore, according to Amoco, the Hammond site is more valuable as a result of the demolition. In sum, Amoco contends that it is entitled to the fair value of the work and services it performed because plaintiff's retention of the benefit conferred by the demolition is unjust.

## LEGAL STANDARDS

In ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). A claim may be dismissed only if it is beyond doubt that under no set of facts would the claimant's allegations entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Travel All Over the World, 73 F.3d at 429-30. The purpose of this motion to dismiss is to test the sufficiency of the counterclaim, not to decide its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

2

## DISCUSSION

### 1. Choice of Law Analysis

Prior to evaluating Amoco's unjust enrichment claim, the court must determine if the law of Illinois as opposed to the law of Indiana applies to the instant motion. A federal court exercising diversity jurisdiction applies the choice of law doctrines of the state in which the court sits. See Echo, Inc. v. Whitson Co., 52 F.3d 702, 706 (7th Cir. 1995) (citing Klaxon v. Stentor Electric Mfg. Co., 313 U.S. 487 (1941)). "Ordinarily, Illinois follows the Restatement (Second) of Conflict of Laws (1971) in making choice-of-law decisions." Chapman and Associates, Ltd. v. Kitzman, 739 N.E.2d 1263, 1269 (Ill. 2000) (using Restatement (Second) Conflict of Laws §§ 6 and 221 to determine which forum's laws apply to claim sounding in unjust enrichment). Under §221 of the Restatement, the court applies the law of the forum that has the most significant relationship to the parties and the occurrence. According to the Restatement, the following factors may be considered according to their importance with respect to the issue before the court:

(a) the place where the relationship between the parties was centered, provided that the receipt of the enrichment was substantially related to the relationship;

(b) the place where the benefit or enrichment was done;

(c) the place where the act conferring the benefit or enrichment was done;

(d) the domicile, residence, nationality, place of incorporation and place of business of the parties; and

(e) the place where the physical thing, such as the land or chattel, which was substantially related to the enrichment, was situated at the time of the enrichment.

3

Evaluation of these factors clearly supports the application of Indiana law to the instant dispute. Plaintiff is a resident of Indiana. Defendant does business in Indiana. The relationship between the parties was centered in Indiana. The parcel of land at issue is located in Indiana. The parties entered into the purchase agreement and special warranty deed for the property in Indiana. Finally, the place and act conferring the alleged benefit took place in Indiana. Thus, the court will apply Indiana law to determine whether defendant has stated a claim for unjust enrichment.

**2. Unjust Enrichment**

To state a claim for unjust enrichment under Indiana state law, Amoco must allege that a measurable benefit has been conferred on plaintiff under such circumstances that plaintiff's retention of the benefit without payment would be unjust. Bayh v. Sonnenburg, 573 N.E.2d 398, 408 (Ind. 1991), cert. denied 502 U.S. 1094 (1992). Additionally, one who labors without an expectation of payment cannot recover. Id. Indiana courts also appear to require Amoco to demonstrate that plaintiff impliedly or expressly requested that the benefit be conferred in order to recover. See Garage Doors of Indianapolis, Inc., v. Morton, 682 N.E.2d 1296, 1303 (Ind. App. 1997); Wright v. Pennamped, 657 N.E.2d 1223 (Ind. App. 1995).

Plaintiff argues that Amoco has failed to allege that it conferred any benefit upon him. Amoco alleges in its counterclaim that it has conferred a measurable benefit on plaintiff because, "[a]s a result of the condition of the property, the City of Hammond would, on information and belief, have ordered the property demolished and/or condemned the building," and therefore "[i]f the property had not been demolished by a subcontractor of Amoco at Amoco's expense, then Plaintiff would have had to demolish the property at his own expense." Reading these allegations

4

liberally, Amoco is claiming that plaintiff's Hammond site is more valuable as a result of the demolition, and plaintiff's retention of this benefit without paying for the work and services would be unjust. Assuming these allegations are true, as the court must at this stage of litigation, the court finds that Amoco has sufficiently pleaded the first element of a claim for unjust enrichment under Indiana law.[2]

Amoco's counterclaim is deficient in other respects, however. First, Amoco fails to allege that at the time the demolition services were performed, it reasonably expected to be paid for the demolition. Bayh, 573 N.E.2d at 408. Indeed, Amoco offers no explanation at all for its motive with respect to plaintiff when destroying his property.

Secondarily, as plaintiff points out, Amoco does not allege that he expressly or impliedly requested the demolition of his property on the Hammond site.[3] See e.g. Garage Doors of Indianapolis, Inc. v. Morton, 682 N.E.2d 1296, 1303 (Ind. App. 1997)("Absent some indication or allegation that [the individual being sued for unjust enrichment] expressly or impliedly requested the benefit from [the individual seeking compensation], the claim for unjust enrichment fails."). Amoco attempts to cure this deficiency by arguing in its brief that "in light of Amoco's allegation that [plaintiff] would have been required to demolish the premises at his

---

[2] Plaintiff also argues that Amoco should be barred from presenting evidence demonstrating an improvement to the property because, even if true, defendant brought about that improvement through trespass, a wrongful act. Amoco denies that it committed any wrongful acts. Because the court dismisses Amoco's counterclaim on other grounds, the court need not address this issue.

[3] Amoco does allege that plaintiff impliedly consented to the demolition, but that allegation appears in Amoco's affirmative defenses and is not incorporated into its counterclaim.

5

expense, it is illogical that [plaintiff] would not have impliedly consented to the demolition of the building at another's expense."

Amoco's argument suffers from a crucial defect: it is premised on a speculative event. The counterclaim fails to allege that the City of Hammond did, in fact, order plaintiff to demolish his property on the Hammond site. Without such an allegation, Amoco cannot credibly allege that plaintiff impliedly consented to having his property destroyed by anyone – much less by Amoco. Thus, absent allegations that Amoco reasonably expected to be paid for destroying plaintiff's property, and that plaintiff expressly or impliedly requested the demolition, the counterclaim fails to allege any set of facts that would warrant a finding that it is just or equitable to require plaintiff to compensate Amoco.

## CONCLUSION

The court grants plaintiff's motion to dismiss Amoco's counterclaim without prejudice. Amoco is given leave to file an amended counterclaim consistent with this decision (mindful of its obligations under Fed. R. Civ. P. 11), within 21 days hereof. Plaintiff shall respond to the amended counterclaim within 21 days thereof. This matter is set for a report on status August 8, 2001, at 9:00 a.m.

**ENTER:** **June 26, 2001**

Robert W. Gettleman
United States District Judge

6