# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8206 | **DATE** | 2/15/2002 |
| **CASE TITLE** | | Paris vs. Amoco | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. *Geraldine Soat Brown*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | FEB 21 2002 | | |
| | Docketing to mail notices. | | date docketed | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| ✓ | Copy to judge/magistrate judge. | | 2/15/2002 | | |
| | | | | date mailed notice | |
| tw | courtroom deputy's initials | | | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
02 FEB 20 AM 9:29



DOCKETED

FEB 21 2002

| | |
|---|---|
| RALPH DOUGLAS PARIS, | ) |
| **Plaintiff/Counter-defendant,** | ) Case No. 00 C 8206 |
| | ) |
| v. | ) Judge Robert W. Gettleman |
| | ) Magistrate Judge Geraldine Soat Brown |
| AMOCO OIL COMPANY, | ) |
| **Defendant/Counter-claimant.** | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

The District Judge having referred Defendant's Motion to Strike Plaintiff's Supplemental Disclosures and to Bar Plaintiff's Rebuttal Witness [Dkt # 49] to the Magistrate Judge for ruling, for the reasons stated herein, that motion is GRANTED IN PART and DENIED IN PART.

## FACTUAL BACKGROUND

Plaintiff Ralph Douglas Paris seeks damages from defendant Amoco Oil Company for demolishing a building on a property owned by the plaintiff. The present motion relates to plaintiff's proposed expert witness opinions regarding damages. This Court has reviewed defendant's motion and plaintiff's response, including the attachments thereto, defendant's reply, and the record in this case, and finds as follows.

When this matter was referred to this court for discovery supervision on August 31, 2001, the District Judge had set a cut off of all discovery (fact and expert) of November 30, 2001. Accordingly, this Court ordered that plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) were to be served by November 1, 2001. On October 31, 2001, the plaintiff requested, and the

1

defendant agreed to, an extension of time to November 5, 2001 for the plaintiff to serve his expert reports. On November 1, 2001 the plaintiff served a disclosure naming three expert witnesses: Ed Krusa, Bob Ladwig and Richard Weiss. (Def.'s Mot. to Strike, Ex. F.) The disclosure also included a two-page report by Krusa opining that the property had a market value of $330,000 prior to demolition and $20,000 after demolition, and a two-page report by Ladwig with an estimate of the cost to rebuild the demolished structure. (*Id.*) Krusa's report stated as "the data or other information considered" that he used his knowledge of the property prior to demolition and his experience. As exhibits used in support of his opinion, Krusa listed only the listing agreements for sale and/or lease of the property and photographs of the property. (*Id.*) Apparently none of those exhibits were served with Krusa's November 1, 2001 report.

On November 5, 2001, the plaintiff served supplemental disclosures consisting of a one-page report from Weiss, who opined that the property was marketable as a commercial rental property prior to demolition, and that after demolition it could be marketed as a vacant commercial site available for development. He did not state a dollar value for the property either before or after demolition. No appraisal was included. (Def.'s Mot. to Strike, Ex. G.)

Thereafter, the plaintiff sought several extensions of time to serve an appraisal report from Weiss. On November 29, 2001, upon learning that the District Judge had extended the discovery cut off to January 15, 2002, this Court entered an order extending the time for plaintiff to serve a revised expert report, including expert appraisal, to December 4, 2001. [Dkt # 32.] Defendant's expert disclosure was to be served and depositions of plaintiff's experts completed by January 2, 2002. Rebuttal expert reports were due by January 11, 2002. At the hearing on November 29, 2001, plaintiff's counsel represented that the plaintiff was expecting to obtain and serve an appraisal by

Weiss. (Tr. of November 29, 2001 at 7.) On December 5, 2001, the plaintiff brought an emergency motion to extend the time to December 5, 2001 to serve the appraisal. Plaintiff's counsel stated that he would drive to Hammond, Indiana to obtain the report. (Tr. of December 5, 2001 at 5.) To make sure that the plaintiff could get the report to the defendant, the plaintiff was given an extra day, until the close of business on December 6, 2001, to serve the appraisal, but counsel was warned that "this has got to be it with this appraisal." (*Id*. at 6.)

On that same day, December 5, 2001, the plaintiff brought a motion before the District Judge to extend the time for expert discovery by an additional thirty days. [Dkt # 35.] The plaintiff represented to the District Judge that plaintiff's expert appraiser had advised plaintiff's counsel that he would be unable to complete the assignment by December 4, 2001. Plaintiff's counsel further stated that the plaintiff might now need to retain a different expert to complete the [appraisal] assignment. Significantly, the District Judge *denied* plaintiff's motion. [Dkt # 37.]

On December 6, 2001 at 5:50 p.m., plaintiff's counsel faxed to defendant's counsel a revised report by Krusa, which defendant's present motion seeks to have stricken. (Def.'s Mot. to Strike, Ex. A.) In this December 6, 2001 report, Krusa opined about the fair market value of the property both before and after demolition. Apparently no documents were faxed along with the report, and on January 10, 2002, the plaintiff served "Supplemental Disclosures pursuant to Rule 26(e)(1)," including certain documents that plaintiff states "were apparently not received by Defendant." (Def.'s Mot. to Strike, Ex. B.) The evidence demonstrates that the reason why the defendant did not receive them is that the plaintiff did not serve them on December 6, 2001 as required by Rule 26.[1]

---

[1] Because plaintiff's counsel faxed the second Krusa report on December 6, 2001, plaintiff's counsel should have known that the forty pages of documents included with Krusa's report in the January 10, 2001 "Supplemental Disclosure" were not faxed on that date along with the report.

3

The plaintiff also included in his Supplemental Disclosures a "detail cost listing" for Ladwig's report. There was no explanation why that cost listing was not supplied on November 1, 2001 as part of Ladwig's report.

On January 10, 2002, the plaintiff served "Plaintiff's Rule 26(a)(2) Disclosures of Rebuttal Expert Witnesses." (Def.'s Mot. to Strike, Ex. C.) That document identifies Krusa and two others, Dave Davies and Steven Albert, as plaintiff's rebuttal experts, attaches Krusa's December 6, 2001 report, and also includes a report by Albert based on an attached appraisal by Albert and Davies. Defendant's motion seeks to strike Albert's report and to bar Albert's or Davies' testimony. At the time that document was served the discovery cut off date was still January 15, 2002. On January 25, 2002, the District Judge extended the discovery cut off date to February 28, 2002, the date of a scheduled settlement conference in this case. [Dkt # 47.]

### DISCUSSION

Federal Rule of Civil Procedure 26(a)(2)(C) requires each party to disclose its expert opinion reports "at the times and in the sequence directed by the court." The defendant also cites Fed. R. Civ. P. 37(c)(1), which provides, in part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing or on a motion any witness or information not so disclosed.

The plaintiff argues that this sanction is inapplicable for several reasons: that the plaintiff did not violate any discovery orders; that the Albert report is simply proper rebuttal to the defendant's expert appraisal; and that there is no harm to the defendant.

The facts recited above demonstrate that the plaintiff's arguments would rewrite history and

make court orders optional. The plaintiff was given repeated extensions of time for the specific purpose of obtaining and serving an appraisal report from Weiss, which the plaintiff intended to serve not as rebuttal but as part of plaintiff's initial disclosures for his affirmative case. The plaintiff was *not* given additional time to obtain another appraiser. In fact, the plaintiff's motion asking for that relief was denied by the District Judge. To permit plaintiff's effort to backdoor in an appraisal report by a different appraiser (Albert) as a "rebuttal report" would effectively grant the plaintiff the relief that the District Judge denied.

The plaintiff argues that his January 10, 2002 Supplemental Disclosures are permissible under Rule 26(e), which requires supplementation when a previous disclosure was incomplete or incorrect. The material provided by Krusa and Ladwig on January 10, 2002 was not "supplemental." The so-called "supplemental disclosure" was of documents allegedly supporting the previously disclosed opinions, not newly discovered information or a correction of a past error by the expert. The failure of a party to include in the expert disclosure the material required by Rule 26(a)(2)(B), including "any exhibits to be used as a summary of or support for the opinions," cannot properly be cured simply by a "supplemental disclosure" after the deadline set by the court, or the requirement and the deadline would be meaningless. Furthermore, plaintiff's attempt to correct a material omission from the initial disclosures cannot be considered harmless when it was made *after* the deadline for the defendant to make its expert disclosures, and after the defendant, in fact, made its expert disclosures.

The plaintiff argues that, under applicable Indiana law, the plaintiff did not have to disclose an appraisal regarding the "before and after" valuation of the property because the plaintiff could proceed on an alternative measure of damages, the cost to restore the property. Ladwig's report, the

5

plaintiff argues, demonstrates that the plaintiff has met his burden of providing evidence regarding the restoration cost, and therefore, he argues, he should not be precluded from rebutting the defendant's appraisal testimony.

Again, this rewrites history. Regardless of what strategy the plaintiff might have pursued, the fact is that the plaintiff disclosed expert opinion regarding the "before and after" value in Krusa's November 1, 2001 report and in Krusa's December 6, 2001 report. Furthermore, plaintiff's objective in moving for extensions of time to serve Weiss' appraisal was to obtain and serve an appraisal as part of plaintiff's expert disclosures for his affirmative case, not for rebuttal. Both Albert's and Krusa's reports are plainly affirmative rather than rebuttal; neither report even mentions the report of the defendant's appraisal expert, Dale Kleszynski, which was disclosed on December 27, 2001. The fact that the plaintiff has disclosed the Krusa report as both affirmative *and* rebuttal confirms this fact.

The plaintiff argues that *ABB Air Preheater, Inc. v. Regeneative Environmental Equip. Co.*, 167 F.R.D. 668 (D.N.J. 1996) demonstrates that defendant's arguments are "specious." (Pl.'s Resp. at 8.) However, the court in *ABB Air* held that the subject matter of the defendant's rebuttal report in that case was, as a matter of patent law, rebuttal evidence. *Id.* at 672. Furthermore, the court also held that the defendant complied with the court's scheduling orders. *Id.* at 673. That is not the case here, where the plaintiff's tardy disclosure of an appraisal is clearly contrary to court orders that previously set, and extended, deadlines for serving an appraisal.

The issue then becomes what sanctions are appropriate for the plaintiff's actions. It is well established that sanctions for a discovery violation must be proportionate to the violation. The plaintiff cites *Sherrod v. Lingle*, 233 F. 3d 605 (7th Cir. 2000), for that proposition. The Seventh

6

Circuit in *Sherrod* stated that "in most cases, a district court would be fully within its discretion in strictly applying the rules and excluding reports that were incomplete or submitted a day late." *Id.* at 613. However, the Seventh Circuit also stated that where the exclusion of an expert report will result in dismissal of the case, the court should not impose exclusion as the sanction unless the party's failure to comply with Rule 26(a) was both unjustified and harmful to the opposing party. *Id.* at 612. Here, the exclusion of the plaintiff's "supplemental" and "rebuttal" disclosures will not result in the dismissal of his case.

On the other hand, a major objective of imposing sanctions is to remedy harm to the opposing party in a manner that is not unjustifiably punitive. The defendant has summarized the situation well: "[A]fter realizing that Plaintiff's appraisal expert [Weiss] would not be forthcoming . . . Plaintiff scramble[d] to bolster Krusa's deficient report." (Def.'s Reply at 3.) Plaintiff's December 6, 2001 service of the revised Krusa report was apparently plaintiff's way of dealing with Weiss' default. What cannot be justified is plaintiff's effort to obtain and disclose an alternative appraiser (Albert), after the District Judge had denied the plaintiff's motion seeking permission to do so.[2] Thus, the report by Albert and the appraisal by Albert and Davies are hereby stricken.

The plaintiff has never explained why Ladwig's "detail cost listing" was not disclosed with Ladwig's report in November, 2001 and why it was served as late as January 10, 2002. Even under plaintiff's argument, the cost to restore was part of the plaintiff's proof of damages. The failure to supply exhibits relied on by Ladwig is not related to Weiss' failure to perform. Accordingly, the "detail cost listing" served as part of plaintiff's supplemental disclosure is hereby stricken and

---

[2] Notably, Albert's report is dated January 8, 2002, approximately 30 days after December 13, 2001, the date when the District Judge denied plaintiff's motion for an additional thirty days to obtain and disclose another appraiser.

Ladwig may not use that document to support his opinion at trial.

Krusa's "supplemental" disclosure is more complex. The plaintiff had obtained an extension to serve an appraisal by close of business on December 6, 2001. Apparently, Weiss did not produce the required appraisal, so the plaintiff served a revised version of the Krusa report. Although it is not what the plaintiff's counsel said would be forthcoming, it does not appear that the defendant is harmed by the substitution of the December 6, 2001 Krusa report in lieu of an appraisal. In that report, Krusa states that he reviewed six documents: 1) the listing agreements for the property; 2) comparable sales data for recent sales of similar properties; 3) photographs of the Property both before and after demolition; 4) cost estimates to reconstruct the building and canopy as provided by Mr. Ladwig;. 5) the warranty deed provided to Mr. Paris when he purchased the property in 1998; and 6) the real estate tax bills. (Def.'s Mot. to Strike, Ex. A at 2.) Although those documents should have been produced with the report on December 6, 2001, the fact that Krusa had considered them was disclosed. To the extent that the January 10, 2002 "supplemental disclosure" simply served those documents described by Krusa and actually reviewed by him in preparation for his December 6, 2001 report, it does not appear that the defendant was materially harmed. However, there is no apparent justification for any documents other than those, because the substance of Krusa's report was not changed from December 6, 2001 to January 10, 2002. Therefore all documents served on January 10, 2002 in connection with Krusa's report, except those six documents to the extent that they were actually reviewed by him in preparation of his December 6, 2001 report, are stricken, and Krusa may not rely on them to support his opinion at trial. Further, Krusa may not use or rely upon Ladwig's "detail cost report" even if Krusa reviewed that in preparation for his December 6, 2001 report.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike Plaintiff's Supplemental Disclosures and to Bar Plaintiff's Rebuttal Witness is granted in part and denied in part, as follows: Plaintiff's Rule 26(a)(2) Disclosure of Rebuttal Expert Witnesses is hereby stricken. The plaintiff is not permitted to use as evidence at trial, at a hearing, or on a motion the proposed testimony of Dave Davies and Steven S. Albert disclosed in their report and appraisal. Defendant's motion to strike the Report of Ed Krusa faxed to defendant's counsel on December 6, 2001 is denied. Defendant's motion to strike the plaintiff's Supplemental Disclosures pursuant to Rule 26(e)(1) is granted as to the following: (a) the "detail cost listing" relating to the report of Bob Ladwig; and (b) all documents served on January 10, 2002 relating to the report of Ed Krusa except the following documents described in Krusa's December 6, 2001 Report that Krusa actually reviewed prior to issuing the December 6, 2001 report: 1) The listing agreements for the property; 2) comparable sales data for recent sales of similar properties; 3) photographs of the Property both before and after demolition; 4) cost estimates to reconstruct the building and canopy as provided by Mr. Ladwig except the "detail cost listing," which is stricken; 5) the warranty deed provided to Mr. Paris when he purchased the property in 1998; 6) the real estate tax bills. None of the documents hereby stricken may be used by the plaintiff or plaintiff's experts at trial, at a hearing or on a motion.

**IT IS SO ORDERED.**

**GERALDINE SOAT BROWN**
**United States Magistrate Judge**

**DATED: February 15, 2002**

9